UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| LEAH KNEPPAR, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

1. This is a class and collective action brought by individual and representative Plaintiff Leah Kneppar ("Plaintiff"), on behalf of herself and all others similarly situated, to recover overtime pay from The Elevance Health Companies, Inc. f/k/a The Anthem Companies, Inc. ("Elevance" or "Defendant").

2. Plaintiff brings this action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff's claim is asserted as a state-wide collective action under the FLSA, 29 U.S.C. § 216(b) consisting of similarly situated persons who are or have been employed by Defendant in Maryland (the "FLSA Collective").

3. Plaintiff also brings claims under the Maryland Wage Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* for failure to pay overtime on hours exceeding 40 hours per week and failing to pay all wages due, on behalf of a putative class of

1

similarly situated persons who are or have been employed by Defendant in Maryland (the "Rule 23 Class").

4. The putative "FLSA Collective" and putative "Rule 23 Class" is made up of all persons who are or have been employed by Defendant in Maryland as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or other similar positions who were paid a salary and treated as exempt from overtime laws, and whose primary job was to perform medical necessity reviews during the applicable statutory period.

5. Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours.

6. As a result of Defendant's willful and illegal pay practices, Plaintiff and those similarly situated were deprived of overtime compensation for their hours worked in violation of federal and Maryland state law.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

8. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the state of Maryland, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to

the claims occurred in this district, where Plaintiff and other members of the putative class and collective action performed their work for Defendant.

## PARTIES

10. The Anthem Companies, Inc. is a foreign limited liability company with its principal place of business located at 220 Virginia Ave., Indianapolis, Indiana, 46204, United States.

11. The Anthem Companies, Inc. is a wholly owned subsidiary of ATH Holding Company, LLC, which is a wholly owned subsidiary of Anthem, Inc., a publicly held corporation.

12. On or about June 28, 2022, Anthem, Inc. rebranded itself as Elevance Health, Inc. As part of this rebranding, The Anthem Companies, Inc. rebranded itself as The Elevance Health Companies, Inc.

13. Elevance Health, Inc. f/k/a Anthem, Inc. is a multi-line health insurance company that provides managed care programs and related services.

14. Elevance Health, Inc. has at least 171 subsidiaries, including 60 regulated insurance companies, that employ thousands of individuals in various jobs to provide a broad suite of insurance products and services.

15. Elevance Health, Inc. organizes those various companies into three divisions: the Government Business Division (GBD), the Federal Employees Program (FEP), and the Commercial and Specialty Business Division (CSBD). Within those divisions, companies' operations are divided geographically into the East, Central, or West region.

16. According to its website, Elevance Health, Inc. and its subsidiaries provide healthcare benefits to more than 118 million members nationwide.

17. Elevance Health, Inc. and its subsidiaries operate in interstate commerce by, among other things, offering and selling a wide array of insurance products and services to customers and consumers in multiple states across the country, including but not limited to, preferred provider organizations, consumer-driven health plans, traditional indemnity, health maintenance organizations, point-of-service, ACA public exchange and off-exchange products, administrative services, Bluecard, Medicare plans, individual plans, Medicaid plans and other state-sponsored programs, pharmacy products, life insurance, disability products, radiology benefit management, personal health care guidance, dental, vision services and products.

18. Elevance Health, Inc. subsidiaries enter into a master administrative services agreement to use the same back-office operations for various functions. Those include payroll, human resources, and legal services.

19. Defendant provides support to other subsidiaries of Elevance Health, Inc. in areas including finance, tax, payroll, and human resources.

20. Elevance Health, Inc. operates office locations in multiple states around the country, including in Maryland.

21. Plaintiff Leah Kneppar is an adult resident of Leonardtown, Maryland, in St. Mary's County, Maryland.

22. Defendant employed Plaintiff as a Medical Management Nurse II from approximately February 2019 to the present, where she works remotely from her home in St. Mary's County, Maryland.

23. Plaintiff and other similarly situated individuals performed or perform utilization reviews for enrollees in various Medicare Advantage plans in various states.

24. Defendant employed Plaintiff and other similarly situated individuals and is an "employer" of Plaintiff and other similarly situated individuals within the meaning of the FLSA and the MWHL.

25. Plaintiff's paystubs list The Elevance Health Companies and its principal place of business address as her employer.

26. Plaintiff and the other similarly situated individuals used medical policies, guidelines, and job aids published under the Elevance Health, Inc. f/k/a Anthem, Inc. name when conducting medical necessity reviews.

27. Upon information and belief, Elevance's gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

28. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

29. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation.

30. Plaintiff and the similarly situated individuals work or worked as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles, and were primarily responsible for performing medical necessity reviews for Defendant.

31. In conducting medical necessity reviews, Plaintiff and the other similarly situated individuals' primary job duty is non-exempt work consisting of reviewing medical authorization

5

requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

32. Within the past three years, Elevance employed licensed practical or licensed vocational nurses who were primarily responsible for conducting the same or similar type of medical necessity reviews as Plaintiff and/or the putative class and collective action members.

33. Elevance paid the licensed practical and vocational nurses on an hourly basis and classified them as eligible for overtime pay.

34. Plaintiff and the similarly situated individuals are or were paid a salary with no overtime pay.

35. Plaintiff and the other similarly situated individuals are or were treated as exempt from overtime laws, including the FLSA.

36. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

37. For example, in the workweek beginning January 30, 2023 through February 3, 2023, Plaintiff estimates that she worked approximately forty-nine (49) hours and did not receive overtime pay for her overtime hours.

38. Defendant has been aware, or should have been aware, that Plaintiff and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

39. Defendant knew that Plaintiff and the other similarly situated individuals worked unpaid overtime hours because Plaintiff and others complained about their long hours to keep up

with their workloads and because Plaintiff's supervisors and other managers routinely received email communications and submissions after business hours, which made clear that Plaintiff and the other similarly situated individuals were working long hours.

40. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

42. Plaintiff brings Count I individually and on behalf of the putative FLSA Collective.

43. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for Defendant in Maryland at any time since three years prior to the filing of this Complaint through judgment.

44. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

45. During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

46. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

47. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through their records.

## **CLASS ALLEGATIONS**

48. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of similarly situated individuals who worked for Defendant in the state of Maryland as Medical Management Nurses, Utilization Management Nurses, Utilization Managers, Utilization Review Nurses, or in similar job titles and who were paid a salary and treated as exempt from overtime laws within the past three years, and who performed more than 40 hours of work in a given workweek.

49. Class action treatment of Plaintiff's MWHL and MWPCL claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

50. The class, upon information and belief, includes dozens of individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

51.     Plaintiff is a class member, and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

52.     Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

53.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

54.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative FLSA Collective)**

55.     Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

56.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

57. Defendant suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

58. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

59. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

60. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## COUNT II - VIOLATION OF THE MARYLAND WAGE & HOUR LAW
## FAILURE TO PAY OVERTIME

### (On Behalf of Plaintiff and the Putative Rule 23 Class)

62. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

63. Defendant is an employer covered by the MWHL's mandates.

64. Plaintiff and class members are employees entitled to the MWHL's protections.

65. The MWHL entitles employees to compensation for "all hours worked" in a workweek.

66. The MWHL requires that employees receive overtime compensation "for each hour worked in excess of 40 hours per week." Md. Code Regs. 09.12.41.14A.

67. Defendant has violated the MWHL by failing to pay Plaintiff and other class members overtime compensation for hours worked beyond 40 or more hours per week.

68. Pursuant to MD Code, Labor & Empl. § 3-427, employers, such as Defendant, who fail to pay an employee wages in conformance with the MWHL, shall be liable to the employee for the wages or expenses that were not paid, court costs, and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III - VIOLATION OF THE MARYLAND WAGE & HOUR LAW
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative Rule 23 Class)**

69. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

70. Defendant is an employer covered by the MWPCL's mandates.

71. Defendant's overtime policy promised to pay overtime eligible employees for all time worked over 40 hours within a workweek.

72. Based on their primary job duty, Plaintiff Kneppar and all other class members were overtime eligible employees.

73. By unlawfully failing or refusing to pay Plaintiff Kneppar and other class members all wages due, including overtime, on their regular paydays, Defendant has violated Md. Code Ann., Labor & Empl. § 3-502.

11

74. By failing to compensate Plaintiff Kneppar and other class members for all hours worked, Defendant has made unlawful deductions from Plaintiff Kneppar's and other class members' pay in violation of Md. Code Ann., Labor & Empl. § 3-503.

75. Defendant regularly failed or refused to compensate Plaintiff Kneppar and other class members timely and regularly for all time worked, including by failing to pay overtime pay, in violation of Md. Code Ann., Lab. & Empl., §§ 3-502, 3-505.

76. Defendant's unlawful failure or refusal to pay all required wages in a timely and regular manner violated the MWPCL.

77. Defendant's unlawful failure or refusal to pay all required wages was not the result of a bona-fide dispute as defined by the MWPCL.

78. Due to Defendant's violation of the MWPCL, Plaintiff Kneppar and other class members are entitled to unpaid wages, treble damages, interest, reasonable attorneys' fees and expenses pursuant to Md. Code Ann., Labor & Empl. § 3-507.2.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective and Rule 23 Class, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. Certification of a class pursuant to Fed. R. Civ. P. 23 on the MWHL and MWPCL claims;

F. An order requiring Defendant to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

G. An award of all damages, liquidated and treble damages, pre-judgment interest and post-judgment interest;

H. An award of attorneys' fees and costs incurred in prosecuting this action;

I. Leave to add additional plaintiffs by stipulation or motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: March 29, 2023         By:    /s/_____
**LAW OFFICES OF PETER T. NICHOLL**
Scott E. Nevin, Esquire
36 South Charles Street, Suite 1700,
Baltimore, MD 2120
Phone: (410) 260-0183
Facsimile: 410-244-1047
snevin@nicholllaw.com

**NICHOLS KASTER, PLLP**
Rachhana T. Srey, MN Bar No. 340133*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com

**LICHTEN & LISS-RIORDAN, P.C.**
Sarah Schalman-Bergen, PA Bar No. 206211*
Adelaide H. Pagano, MA Bar No. 690518*
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 993-5801
Email:  ssb@llrlaw.com; apagano@llrlaw.com

13

*\* Pro hac vice applications forthcoming*

Attorneys for Plaintiffs and the Putative FLSA Collective and the Putative Rule 23 Class

14