UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| LEAH KNEPPAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC.,<br><br>Defendant. | Case No. 8:23-cv-00863-MJM<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Leah Kneppar, individually and on behalf of all others similarly situated, by and through her counsel of record, submits this Notice of Supplemental Authority in support of Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Under the FLSA. (ECF No. 31.) Plaintiff respectfully directs this Court to the attached decision from *Landis, et al. v. The Elevance Health Companies, Inc., et al.*, No. 4:23-CV-00005-M-KS (E.D.N.C. Dec. 20, 2023), ECF No. 39. As referenced in Plaintiff's opening memorandum, the *Landis* case is one of seven related matters, including the present case, brought by utilization reviewers against Defendant The Elevance Health Companies, Inc. (f/k/a/ The Anthem Companies, Inc.) and other subsidiaries of Anthem, Inc. (ECF No. 31-1 at 3 n.3.)

On December 20, 2023, the *Landis* court conditionally certified a collective of utilization reviewers who worked for Elevance in North Carolina. In doing so, the court rejected Defendant's attempts to heighten the conditional certification standard, concluding that the Fifth Circuit's decision in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430, 440 (5th Cir. 2021) and the Sixth Circuit's decision in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F. 4th 1003, 1009-11 (6th Cir. 2023), are not binding on federal district courts in the Fourth Circuit and noting that the

1

majority of district courts in the Fourth Circuit have followed the two-step approach to conditional certification. *Landis*, No. 4:23-cv-00005-M-KS, ECF No. 39 at 4–6. The court further concluded that conditional certification and distribution of notice to the putative collective was appropriate because the plaintiff's allegations sufficiently demonstrated that she and other utilization reviewers employed by Elevance were similarly situated with respect to their job requirements, pay provisions, and legal claim for overtime pay. *Id.* at 6–9. The *Landis* court's decision is in keeping with the five other federal district courts that have already granted conditional certification and authorized notice in "materially identical" matters. *Id.* at 9; *see also* Pl.'s Supp. Mem., ECF No. 31-1 at 14–15.

The present case is likewise "materially identical" to *Landis* and the other related matters. Plaintiff therefore respectfully requests that this Court consider this additional authority in adjudicating her motion.

DATED: December 28, 2023      By:     **LAW OFFICES OF PETER T. NICHOLL**

/s/*Scott E. Nevin*
Scott E. Nevin
36 South Charles Street, Suite 1700
Baltimore, MD 02120
Telephone: (410) 260-0183
Facsimile: (410) 244-1047
snevin@nicholllaw.com

**NICHOLS KASTER, PLLP**

/s/*Caitlin L. Opperman*
Rachhana T. Srey, MN Bar No. 340133*
Caitlin L. Opperman, MN Bar No. 0399978*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
copperman@nka.com

**LICHTEN & LISS-RIORDAN, P.C.**
Sarah Schalman-Bergen, PA Bar No. 206211**
Adelaide H. Pagano, MA Bar No. 690518**
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 993-5801
ssb@llrlaw.com
apagano@llrlaw.com

*Admitted pro hac vice*
**Pro hac vice application forthcoming*

*Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative Rule 23 Class*